Gregory F. Coleman
*(admitted pro hac vice)*
greg@gregcolemanlaw.com
Adam A. Edwards
*(admitted pro hac vice)*
adam@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

|  |  |
|---|---|
| DAVID and LAURA ELKINS, PATRICK DE FONTBRUNE, HONGLIANG FU, RACHEL FAIRCHILD, RYAN MANGLE, AMADO MUNOZ, BEN HU, CHARLOTTE KAPETENAKIS, REGAN FARLEY, and SHARON BECK individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California Corporation, and HONDA NORTH AMERICA, INC., a Delaware Corporation,<br><br>          Defendants. | Case No. 8:19-CV-00818 JLS (KESx)<br><br>Hon. Josephine L. Staton<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Served: May 17, 2019<br>Date of Trial: Not set |

Pursuant to this Court's orders of October 21, 2019 (Dkt. No. 41) and November 18, 2019 (Dkt. No. 44), Federal Rule of Civil Procedure 26, and Local Rule 26, Plaintiffs David and Laura Elkins, Patrick De Fontbrune, Hongliang Fu, Rachel Fairchild, Ryan Mangle, Amado Munoz, Ben Hu, Charlotte Kapetenakis, Regan Farley, and Sharon Beck ("Plaintiffs") and Defendant American Honda Motor Co., Inc. and Honda North America, Inc. ("Honda"), through their undersigned counsel, submit the following Joint Rule 26(f) report.

a. **Statement of the Case**

Plaintiffs

This is a proposed class action in which Plaintiffs allege that 2015-2019 Honda Civics ("Class Vehicles") are equipped with uniformly defective air conditioning systems ("AC Systems") that fail prematurely and well in advance of their expected useful life. According to the Complaint, Class Vehicle AC Systems suffer from a serious defect in materials, workmanship and/or design that causes them to (a) crack and leak refrigerant; (b) lose pressure within the AC System; and (c) fail to cool vehicle passenger cabins ("the Defect"). Plaintiffs further allege that Defendants American Honda Motor Co., Inc. and Honda North America, Inc. (collectively, "Defendants") failed to disclose this known Defect to Plaintiffs and the putative Class(es) prior to selling or leasing them Class Vehicles. Accordingly, Plaintiffs allege that Defendants' conduct violates state and federal consumer protection statutes, breaches their warranty obligations, and has unjustly enriched both Honda entities.

Honda

American Honda Motor Co., Inc. ("AHM") and Honda North America, Inc. ("HNA") (together "Honda") maintain that this is an opportunistic lawsuit that seeks to capitalize on an issue that Honda addressed in the ordinary course of business. Plaintiffs David and Laura Elkins originally sued Honda claiming the condenser in their 2016 Honda Civic is defective because its location made it susceptible to damage from road debris. But plaintiffs soon recognized a condenser that fails when struck by road debris is

no different than a windshield that shatters when struck by a rock—neither situation presents a "defect" that is Honda's responsibility.  Thus, they filed a first amended complaint that completely abandons this original defect theory and instead latches on to a *voluntary* warranty extension Honda announced for certain air conditioning ("AC") components while plaintiffs were amending their original complaint.  Honda maintains that its voluntary action—a generous 10-year warranty extension on certain AC components—leaves nothing for this Court to address.  And as set forth in Honda's pending motion to dismiss, the First Amended Complaint does not, in any event, state any viable claim.

b.  **Principal Legal Issues**

Plaintiffs

Plaintiffs contend that the principal issues in the case include (i) whether the Class Vehicles suffer from a common Defect that causes AC Systems to fail; (ii) whether Defendants knew or should have known of the Defect, and if so, when they discovered it; (iii) whether the Defect's existence would be important to a reasonable person; (iv) whether Defendants failed to disclose and concealed the existence of the Defect from potential customers; and (v) whether Defendants violated legal duties, breached express and implied warranty obligations, and were unjustly enriched.

Honda

Honda submits that Plaintiffs' claims implicate both substantive and procedural issues as follows:

*Substantive issues*:  The key pleading issues are set forth in Honda's pending motion to dismiss [Dkt. 40].  In summary form, they are whether:

(a)     Plaintiffs lack Article III and statutory standing (Fed. R. Civ. P. 12(b)(1)) to state any claim [Dkt. 40, pp. 5-9];

(b)     Whether Plaintiffs' nationwide class claims are viable as pled [Dkt. 40, pp. 10-11];

(c)      Whether Plaintiffs have pled any viable breach of express warranty claim [Dkt. 40, pp. 11-15];

(d)      Whether Plaintiffs have pled any viable breach of implied warranty claim [Dkt. 40, pp. 15-17];

(e)      Whether Plaintiffs have satisfied the requirements for stating a cognizable claim under the Magnusson-Moss warranty act [Dkt. 40, p. 17];

(f)      Whether Plaintiffs have pled viable consumer protection law claims [Dkt. 40, pp. 18-20];

(g)      Whether the economic loss rule bars plaintiffs' negligence claim [Dkt. 40, p. 23]; and

(h)      Whether plaintiffs may press a stand alone claim for unjust enrichment, which is a remedy and not a cause of action [Dkt. 40, p. 24].

*Procedural issues*:  Whether Plaintiffs, if their claims survive Honda's motion to dismiss, can satisfy their burden of demonstrating that this proposed class action meets each of the four requirements of Fed. R. Civ. P. Rule 23(a) and at least one of the requirements of Rule 23(b) to justify class treatment of their claims.

### c. **Damages**

Plaintiffs' and the Class's damages include the loss of monies paid in connection with the repairs of Class Vehicles as a result of the defect in the Class Vehicles' Air Conditioning Systems as well as the diminution in value of the Class Vehicles at the point of sale. The out-of-pocket expenses incurred by the Plaintiffs and Class incurred for repairing Class Vehicles range between $300 and $1500 or more per repair per vehicle. The sum amount of these manifestation damages (number of vehicles x cost of repairs) is presently unknown (publicly available sales records for Honda Civics indicate more than 1.3 million Class Vehicles sold) but will be determined, at least in part, from data and records in the possession, custody and control of Defendants. The total damages resulting from a diminution in value of the Class Vehicles at the point of sale can be determined

3

through the use of conjoint analyses. In addition, Plaintiffs reserve the right to seek prejudgment interest, costs, and attorney fees. Plaintiffs also reserve their right to supplement this initial disclosure upon completion of their ongoing evaluation of damages to Plaintiffs and the proposed Class and, at the appropriate time, will make disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2).

Honda disputes that plaintiffs have sustained any damage.  Honda's voluntary actions, in the form of a warranty extension that includes reimbursement for certain out of pocket costs abundantly compensates plaintiffs and members of the putative class who claim they have suffered any cognizable harm.

**d.  Insurance**

Honda is not aware of a policy of insurance that covers the claims plaintiffs assert in this action.

**e.  Motion Practice**

Plaintiffs filed their First Amended Complaint on September 4, 2019.  (Dkt. No. 30.)  Honda filed a motion to dismiss on October 18, 2019 (Dkt. No. 40).   Plaintiffs filed an opposition to Honda's motion to dismiss on November 15, 2019 (Dkt. No. 43) and pursuant to this Court's order (Dkt. No. 44), Honda will file its reply brief no later than December 13, 2019.

As shown on the attached Exhibit A schedule, the parties have agreed that the deadline to add parties or claims shall be according to this Court's presumptive date of 60 days after the Scheduling Conference date (currently set on December 20, 2019), or in this case: February 18, 2020.

**f.** **Complexity**

The parties agree to use the Manual for Complex Litigation (current edition) as a reference point during the course of this litigation.

**g.** **Status of Discovery**

The parties have agreed make their Rule 26(a) initial disclosures on or before January 17, 2020.  At this time, the parties do not anticipate requesting any changes to the form of such disclosures. No initial discovery has been completed to-date.

**h.** **Discovery Plan**

**1.** **Subjects on which Discovery May Be Needed**

The parties have agreed that no bifurcation or formal staging of discovery is appropriate.  Discovery cut-off dates are provided in the Proposed Schedule attached as Exhibit A.

Plaintiffs

Plaintiffs anticipate seeking discovery on (i) the design, development, production and testing of Class Vehicles and their AC Systems, (ii) Defendants' efforts to understand the root cause of AC System failures, (iii) the companies' knowledge of the alleged AC Systems Defect risk as Defendants sold or leased Class Vehicles. Plaintiffs also anticipate seeking discovery concerning Defendants' warranty practices and its communications with dealerships and customers concerning AC Systems. Plaintiffs may also seek discovery relating to Honda's revenues and profits in connection with its sale and lease of the Class Vehicles, as well as the marketing thereof.

Honda

Honda anticipates that, based on facts currently known to it, the following discovery will be necessary in its defense of this putative class action:

1) Deposition of the named Plaintiffs generally on issues related to their purchase, ownership or lease of the subject vehicles, plaintiffs' claimed damages, and information that relates to their claimed adequacy and typicality to serve as class representatives.

2) Depositions of expert witnesses Plaintiff may designate for trial or who may submit declarations in support of Plaintiff's anticipated motion for class certification on issues framed by such experts' reports.

3) Depositions of non-expert witnesses (e.g., members of the purported class) who may submit declarations in support of Plaintiff's anticipated motion for class certification, as well as other members of the putative class, on issues related to plaintiffs' claims in this action.

4) Interrogatories concerning the factual and legal claims in the operative complaint and on issues related to Plaintiff's claim that common issues of law and/or fact predominate and justify certification of the putative class.

5) Document requests concerning the factual and legal claims in the operative complaint.

6) Requests for Admissions concerning the factual and legal claims in the operative complaint.

## 2. Discovery of Electronically Stored Information

The parties have begun to work together to promote the efficient exchange of documents and information.  To that end, the parties are working to develop a discovery plan that takes into account the capabilities of their computer systems.  Plaintiffs' counsel has asked about Defendants' databases and systems that may contain potentially relevant information and how they can be queried.  Among other things, Plaintiffs seek an understanding of the databases and systems used in connection with efforts to detect, resolve, or communicate about the alleged Defect, as well as systems that track issue resolution, root cause efforts, executive summaries, and lessons learned.

Plaintiffs likewise requested a list of the custodians of relevant documents and electronically stored information, including a brief description of each person's title and responsibilities. Plaintiffs explained that the custodians of interest likely include

individuals or entities (i) involved in the design, development, testing, and/or production phases whose responsibilities relate(d) to Class Vehicle AC Systems; (ii) responsible for monitoring, analyzing, or reporting on customer complaints, warranty claims, dealer reports, and other sources of data relating to AC System problems; (iii) who participated in or received information about root cause analysis relating to AC Systems; (iv) who has made or received recommendations about possible corrective or containment actions relating to the AC Systems; and (5)

Counsel for Honda has agreed to work with Plaintiffs to develop an appropriate Electronically Stored Information (ESI) protocol to promote efficient location and production of discoverable documents. The parties intend to complete ESI discussions and to memorialize an ESI protocol as soon as practicable, once the pleadings are settled and the claims that may survive Honda's motion practice are identified.

### 3.  Preservation of Evidence

Counsel for both sides have stated that their clients have taken and are taking the appropriate steps to preserve all potentially relevant evidence.

### 4.  Claims of Privilege and the Confidentiality of Information

The parties contemplate that certain discovery produced in the matter will require a level of protection and confidentiality. To that end, the parties contemplate negotiating and submitting a suitable protective order for the Court's consideration, consistent with the model protective order in the Central District of California. Parties intend to file their stipulated protective order with the Court for approval.

### 5.  Changes to Limitations on Discovery

In the interest of making an informed decision in this regard, the parties have agreed to temporarily defer discussion of whether and to what extent relief from the presumptive limits on interrogatories and depositions will be merited until after they have begun to exchange documents and information. At this time, however, the parties do not anticipate any changes to limitations on discovery.

7

### 6. Additional Orders

The parties do not, at this time, request the Court issue additional orders under Rule 26(c) or 16(b).

### i. Expert Discovery

The parties anticipate that each side will have liability and damages experts at both the class certification and merits/trial stages of this case. The schedule for expert disclosures is included on attached Exhibit A. The parties agree to meet and confer to arrange mutually agreeable depositions of each expert.

### j. Dispositive Motions

The parties anticipate that Plaintiffs will file a motion for class certification and that the parties also may file separate motions for summary judgment.

### k. ADR Procedure Selection

The parties have discussed and agree to private mediation (ADR Procedure No. 3) as the ADR option, as indicated on their ADR Procedure Selection form.  The parties propose that mediation occur no later than 30 days after the Court's ruling on Plaintiffs' motion for class certification.

### l. Settlement Efforts

To date, the parties have not engaged in settlement discussions.

### m.  Preliminary Trial Estimate

Plaintiffs anticipate that the case will be tried to a jury, although certain claims may be tried to the Court.  At this time, the parties estimate that a trial will last approximately two weeks.  However, this estimate may change based on the Court's ruling on Plaintiffs' anticipated motion for class certification.  The parties will have a better idea of how long such a trial would take after class certification is decided.

### n. Trial Counsel

Plaintiffs anticipate that Gregory Coleman, Bryan Clobes, and Glen Abramson will try this case if it proceeds to trial. Honda anticipates that Eric Kizirian and Steve Meyer of Lewis Brisbois will try this case if the matter proceeds to trial.

**o.** **<u>Independent Expert or Master</u>**

The parties do not anticipate that a Rule 53 master or independent scientific expert will need to be appointed.

**p.** **<u>Other Issues</u>**

No other issues affecting the status or management of this case are known at this time.

**q.** **<u>Proposed Schedule</u>**

The parties have attached this Court's required Proposed Schedule to this report as Exhibit A.

DATED:  December 6, 2019           Respectfully submitted,

By: _  /s/ Gregory F. Coleman_
*On Behalf of Attorneys for Plaintiffs*

DATED:  December 6, 2019

By: <u>*/s/ Eric Y. Kizirian* (with permission)</u>

*On Behalf of Attorneys for Defendants*

1

## **ATTESTATION STATEMENT**

2        Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed, and on

3 whose behalf the filing is submitted, concur in the filing's content and have authorized

4 the filing.

5

6 DATED:  December 6, 2019        Respectfully submitted,

7

8                       By:   */s/ Gregory F. Coleman*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28