UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00818-JLS-KES                                    Date: January 20, 2021
Title:  David Elkins et al v. American Honda Motor Co., Inc., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER STRIKING PLAINTIFFS' MOTION TO ALTER JUDGMENT (Doc. 62)**

Before the Court is Plaintiffs' Motion to Alter Judgment (Mot., Doc. 62), seeking reconsideration of the Court's order granting Defendants' Motion to Dismiss (Order, Doc. 60).  Defendants opposed, and Plaintiffs replied.  (Opp'n, Doc. 63; Reply, Doc. 64).  Because Plaintiffs failed to comply with Local Rule 7-3, the Court STRIKES Plaintiffs' Motion.

Central District of California Local Rule 7-3 requires that, at least seven (7) days before filing a motion for the Court's consideration, counsel "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  L.R. 7-3.  If the parties are unable to resolve their differences and are compelled to bring the matter before the Court, counsel for the moving party must include in the notice of motion a statement to the following effect:  "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."  *Id*.  The Court's Standing Order reiterates the requirement that counsel comply with Rule 7-3.  (*See* Standing Order, Doc. 10 at 5.).

Here, Plaintiffs' Notice of Motion states that Plaintiffs' counsel made "two attempts to conference with counsel for Defendants prior to filing this Motion, both of which were after the seven (7) day notice period pursuant to L.R. 7-3."  (Mot. at 3).  Defendants clarify, however, that these "attempts" constituted (1) "an email to counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00818-JLS-KES	Date: January 20, 2021
Title:  David Elkins et al v. American Honda Motor Co., Inc., et al

for defendant on August 17, 2020 (the date the Motion was filed), at 5:24 p.m., generically asking for a call," and (2) "a voicemail counsel left on the 'general mailbox' of defense counsel's 1,500 plus attorney law firm," even though lead counsel's direct telephone number is available on the firm's website.  (Opp'n at 2 n.2).  The Notice of Motion concludes that "[a]s of the filing of this Motion, counsel for the parties had not yet conferred in an effort to resolve the relevant issues.  In the event the parties confer pursuant to L.R. 7-3 after this filing, counsel for Plaintiffs will supplement this Motion accordingly."  Plaintiffs have not filed any such supplement to their Motion, nor have they otherwise adequately explained their failure to comply with Rule 7-3.

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Ward v. Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (stating that when a motion violates the Local Rules, the district court may, in its discretion, deny the motion on that basis alone).  The Court therefore concludes that the appropriate disposition is to STRIKE the Motion for failure to comply with Local Rule 7-3.

Because the twenty-eight-day deadline to file a motion for reconsideration under Federal Rule of Civil Procedure 59(e) has since lapsed, Plaintiffs may not refile their Motion.  The Court nevertheless concludes that the application of Rule 7-3 to this Motion will not result in unfair prejudice, because Plaintiffs have in any case failed to meet the demanding requirements of a motion for reconsideration under Rule 59(e) and Local Rule 7-18.  Plaintiffs' motion seeks to "present newly discovered or previously unavailable evidence" (Mot. at 8), but Plaintiffs have failed to show how, "in the exercise of reasonable diligence," these facts "could not have been known to the party moving for reconsideration at the time the Order was entered."  L.R. 7-18.  Nor have Plaintiffs shown that they would suffer "manifest injustice" by having to refile this matter as a new lawsuit.  (*See* Mot. at 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00818-JLS-KES                                                    Date: January 20, 2021
Title:  David Elkins et al v. American Honda Motor Co., Inc., et al

    The Court therefore STRIKES Plaintiffs' Motion (Doc. 62) for failure to comply with Local Rule 7-3 and the Court's Standing Order.  Accordingly, the hearing set for January 22, 2021 at 10:30 a.m. is VACATED.

                                                            Initials of Deputy Clerk: mku